U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 2 3 2016
CLERK, U.S. DISTRICT COURT
By ____________
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA §
§
VS. § NO. 4:16-CR-060-A
§
DAMEYON ANTOINE NEWTON §

O R D E R

The court ORDERS that:

1. This case is set for jury trial before the Honorable John McBryde at **8:30 a.m.** on May 16, 2016, at which time and date **DAMEYON ANTOINE NEWTON** ("defendant"), counsel, and all witnesses will be present in the Fourth Floor Courtroom, United States Courthouse, Fort Worth, Texas.

2. Except as provided in paragraph 3, pretrial motions of defendant must be filed no later than April 7, 2016.

3. Defendant shall not file any motion for, or to compel, discovery, disclosure, or production unless (i) defendant has first made written request of the government for the desired discovery, disclosure, or production, which written request shall specify a time and date when discovery, disclosure, or production, as applicable, of the items is desired in the Fort Worth office of the U.S. Attorney, and (ii) the government has failed to comply with the request. Lack of actual possession of

an item by the government shall not be a reason for non-production if the government can obtain possession of the original or a copy of the item upon request. If the government does not comply with such request, defendant is permitted to file a motion to compel, or for discovery or disclosure, but such a motion must be filed no later than April 12, 2016. Any such motion shall be accompanied by copies of any pertinent requests that were previously made by the movant and verification as to service of each such request and a statement of the results of the efforts to obtain the desired discovery, disclosure, or production pursuant to each such request.

4. The government's response to any pretrial motion filed by the defendant shall be filed within seven (7) days after receipt of such motion. If the government is prompted to file a pretrial motion by reason of a pretrial motion filed by the defendant, the government shall file its motion within seven (7) days after receipt of such defense motion.

5. Defendant shall file a response to any pretrial motion filed by the government within seven (7) days after receipt of such motion.

6. Notwithstanding the provisions of other parts of this order, each party shall file a response in writing to any motion for continuance the day following receipt of such motion.

7. No party will adopt any motion or pleading filed by another party; and, the court will not entertain a motion to adopt.

8. Each party shall comply with the requirements of Rule LCrR 16.1 of the Local Criminal Rules of the United States District Court for the Northern District of Texas, except that the witness list for each party shall identify all witnesses, including impeachment witnesses, who may testify at trial. No party is permitted to adopt as, or in, the party's witness list or exhibit list all or any part of the witness list or exhibit list of another party. The witness list to be filed by the parties shall designate which, if any, of the witnesses will be giving opinion testimony; and, the list shall state as to each witness each subject upon which the witness will be asked to testify. The witness list will include two columns, one bearing the heading "Sworn" and the other bearing the heading "Testified" so that the court can keep track of the witnesses at trial. Each exhibit shall be labeled by a gummed label containing identity of the offering party, exhibit number and cause number. The exhibit

list will include two columns, one bearing the heading "Offered" and the other bearing the heading "Admitted."

9. If there is a possibility that a party will use at trial any video or audio recording, other than a videotaped deposition, or any transcript of such a recording, such party shall notify the court of that fact no later than April 7, 2016, by the filing of a document advising of such possible use and describing each such item the party might use at trial.

10. Rule LCrR 30.1 of the Local Criminal Rules does not apply to this case. Instead, in order to minimize consumption of time after commencement of the trial in the above-captioned case in resolving differences in the language to be included in the court's charge to the jury, the parties shall comply with the following instructions:

(a) Counsel for United States of America shall deliver to counsel for defendant by May 2, 2016, a copy of her proposed court's charge to the jury.

(b) Counsel for defendant shall deliver to counsel for United States of America by May 4, 2016, (i) a statement, prepared with specificity, of any objection his or her client has to any part of the proposed charge counsel for United States of America has delivered pursuant to

subparagraph (a) above, and (ii) the text of all additional instructions his or her client wishes to have included in the court's charge to the jury. Each such objection and each such additional instruction shall be accompanied by citations of authorities supporting the defendant's objection or request.

(c) At 9:00 a.m. on May 5, 2016, the lead attorney for each party to this case shall meet face-to-face in the office of the United States Attorney in Fort Worth, Texas, for the purposes of (i) discussing, and trying to resolve, differences between the parties as to language to be included in the court's charge to the jury, and (ii) identifying areas of disagreement that cannot be resolved. Such meeting shall be held for a sufficient length of time for there to be a meaningful discussion of all areas of disagreement and a meaningful attempt to accomplish agreement. Each attorney shall cooperate fully in all matters related to such a meeting.

(d) By 2:00 p.m. on May 5, 2016, counsel for United States of America shall file a document titled "Agreed Charge" that will recite that it is the charge agreed to by the parties in accordance with this order and set forth, in

a single document, a proposed court's charge to the jury, which shall contain, in logical sequence, all language to be included in the charge about which the parties do not have disagreement and all language any party wishes to have included in the charge about which there is disagreement. All language of the proposed charge about which there is disagreement shall be (i) in bold face, (ii) preceded by an indication of the identity of the party requesting the language, and (iii) followed by a listing of citations of authorities in favor of and in opposition to the proposed language. United States of America shall also furnish to the court a computer disk containing the proposed charge and the indictment.

11. The court has determined that the interest of justice and orderly proceedings would best be served if a deadline were to be fixed for presentation to the court of a plea agreement by defendant in the above-captioned case. Therefore, should defendant wish to enter a plea of guilty on the basis of a plea agreement, the proceeding with reference thereto must be scheduled to be conducted no later than the morning of May 13, 2016, and arrangements for the scheduling of the plea be

finalized by 3:00 p.m. on May 12, 2016; otherwise the case will proceed to trial at 8:30 a.m. on May 16, 2016.

12. All pages of any item filed by any party with the Clerk will be numbered, bearing consecutive page numbers. Any appendix of fifty pages or more shall be spiral-bound on the side. Counsel shall highlight, as appropriate, those portions of the items in the appendix that are of particular pertinence. Any item failing to comply with these requirements is subject to being stricken without advance notice.

SIGNED March 23, 2016.

JEFFREY L. CURETON
United States Magistrate Judge